UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE PARTNERS, L.P., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CONCENTRIC ANALGESICS, INC., et al.,<br><br>　　　　Defendants. | Case No. 20-cv-03775-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 2, 37, 41, 50 |

Pending before the Court are three motions to seal filed by the parties related to the complaint and motion to dismiss. *See* Dkt. Nos. 2, 37, 41, 50. For the reasons detailed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motions.

I.   **LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**II.   DISCUSSION**

Because the parties seek to seal portions and documents which pertain to the allegations in the complaint and motion to dismiss, the Court applies the compelling reasons standard to these documents. *See In re NVIDIA Corp. Derivative Litig.*, No. C 06-06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("While a complaint is not, per se, the actual pleading by which a suit may be disposed of, it is the root, the foundation, the basis by which a suit arises and must be disposed of.").

As detailed in the table below, the majority of the information sought to be sealed pertains to information about the clinical trial of CA_008, a pain-relieving product that Defendant Concentric Analgesics, Inc. is developing. Defendants assert that it does not publicly disclose the specific efficacy and safety targets that it is analyzing in clinical trials, or the information it provides to the Food and Drug Administration ("FDA") about such trials. *See, e.g.*, Dkt. No. 22-3. Such information, Defendants contend, could signal its goals for pharmaceutical products under development, as well as its progress toward meeting those goals. *Id.* at 2. Accordingly, Defendants conclude that the public release of such information could give non-party competitors

2

an unfair advantage in the development or marketing of rival products. *Id.*

However, the allegations contained in the proposed redactions of the complaint are critical (even central) to Plaintiffs' claims in this case. Defendants seek to seal the alleged misrepresentations and omissions about the clinical trial presented to prospective investors, which underlie all of Plaintiffs' causes of action. The "interest in ensuring the public's understanding of the judicial process and of significant public events," *Kamakana*, 447 at 1179, is thus not served if the fundamental basis for Plaintiffs' claims is redacted from the complaint. Moreover, notwithstanding Defendants' characterizations, the allegations in the complaint appear to contain only high-level takeaways about the structure and results of the clinical trial that Concentric shared with its investors. These overly broad redactions continue in Defendants' motions to seal the briefing related to its motion to dismiss, obscuring the nature of the parties' arguments. Defendants have not explained with sufficient specificity how the disclosure of this information could harm Concentric's competitive advantage. Nevertheless, the Court finds that Defendants have narrowly tailored some of their requested redactions to confidential and proprietary business and intellectual property information. The public release of these documents could give non-party competitors an unfair advantage in the development or marketing of rival products. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (ordering sealing where documents could be used "'as sources of business information that might harm a litigant's competitive standing'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Thus, the Court finds that in those circumstances Defendants have established compelling reasons to grant the motions to file under seal. *See, e.g.*, *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623 (N.D. Cal. Dec. 10, 2012).

Additionally, Defendants seek to seal the names of non-party shareholders and the values of their respective shareholdings. Such financial information is nonpublic, and irrelevant to the allegations in the complaint. *See G&C Auto Body Inc v. Geico Gen. Ins. Co.*, No. C06-04898 MJJ, 2008 WL 687372, at *2 (N.D. Cal. Mar. 11, 2008) (sealing third-party information that is of "little or no relevance to the issues that were raised"). Thus, the Court finds that Defendants have

established compelling reasons to grant in part the motions to file under seal on this basis.

| Docket No. Public/ (Sealed) | Document | Portion(s) Sought to be Sealed | Ruling |
|---|---|---|---|
| **Dkt. No. 2 – GRANTED IN PART and DENIED IN PART** | | | |
| Dkt. No. 1/ (Dkt. No. 2-4) | Complaint | Excerpts | **DENIED** The high-level information about the pharmaceutical clinical trial is critical to the public's understanding of Plaintiffs' allegations and this case, and Defendants have not established a compelling reason that overrides this interest or narrowly tailored the requested redactions. |
| Dkt. No. 1-1/ (Dkt. No. 2-6) | Ex. A to Complaint (Series B Preferred Stock Purchase Agreement), | Excerpts | **GRANTED IN PART** The following pages contain third parties' confidential financial information: <br>• 36–44 <br>• 46–65 <br>• 67–88 <br>• 90–167 <br>• 172–217 <br><br>*See* Dkt. No. 22-3.  *See also* Dkt. No. 22-2, Ex. 2 (portions of complaint and Exhibit A for which Defendants withdraw sealing request). |
| **Dkt. No. 37 – GRANTED IN PART and DENIED IN PART** | | | |
| Dkt. No. 38/ (Dkt. No. 37-4) | Defendants' Joint Motion to Dismiss | Excerpts | **DENIED** The information about the pharmaceutical clinical trial is critical to the public's understanding of Plaintiffs' allegations and this case, and Defendants have not established a compelling reason that overrides this interest or narrowly tailored the requested redactions. |
| Dkt. No. 38-2/ (Dkt. No. 37-5) | Ex. A to the Declaration of Travis Silva | Entire Document | **DENIED** The information about the pharmaceutical clinical trial is |

| Docket No. Public/ (Sealed) | Document | Portion(s) Sought to be Sealed | Ruling |
|---|---|---|---|
| | | | critical to the public's understanding of Plaintiffs' allegations and this case, and Defendants have not established a compelling reason that overrides this interest or narrowly tailored the requested redactions. |
| Dkt. No. 38-3/ (Dkt. No. 37-6) | Ex. B to the Declaration of Travis Silva | Entire Document | **DENIED** The information about the pharmaceutical clinical trial is critical to the public's understanding of Plaintiffs' allegations and this case, and Defendants have not established a compelling reason that overrides this interest or narrowly tailored the requested redactions. |
| Dkt. No. 38-5/ (Dkt. No. 37-7) | Ex. D to the Declaration of Travis Silva | Entire Document | **DENIED** The information about the pharmaceutical clinical trial is critical to the public's understanding of Plaintiffs' allegations and this case, and Defendants have not established a compelling reason that overrides this interest or narrowly tailored the requested redactions. |
| Dkt. No. 38-7/ (Dkt. No. 37-9) | Ex. F to the Declaration of Travis Silva | Excerpts | **DENIED** The information about the pharmaceutical clinical trial is critical to the public's understanding of Plaintiffs' allegations and this case, and Defendants have not established a compelling reason that overrides this interest or narrowly tailored the requested redactions. |
| Dkt. No. 38-8/ (Dkt. No. 37-11) | Ex. G to the Declaration of Travis Silva | Excerpts | **GRANTED IN PART** The following contains confidential proprietary business information, including market analysis; description of intellectual property and products under development; and prior studies of products under development, that |

| Docket No. Public/ (Sealed) | Document | Portion(s) Sought to be Sealed | Ruling |
|---|---|---|---|
| | | | do not directly pertain to the alleged misrepresentations in this action:<br><br>• Pages 14–15<br>• Pages 17–20<br>• Pages 22–24<br>• Pages 26–36<br>• Page 38<br>• Page 48<br>• Pages 55–68<br>• Pages 74–95<br>• Page 97<br>• Pages 104–105<br>• Page 113<br>• Pages 124–125<br><br>*See* Dkt. No. 37-1. |
| Dkt. No. 38-9/ (Dkt. No. 37-13) | Ex. H to the Declaration of Travis Silva | Excerpts | **GRANTED IN PART** The following contains confidential proprietary business information, including market analysis; description of intellectual property and products under development; and prior studies of products under development, that do not directly pertain to the alleged misrepresentations in this action:<br><br>• Page 4<br>• Page 26<br>• Page 47–54<br>• Page 57<br><br>*See* Dkt. No. 37-1. |
| Dkt. No. 38-10/ (Dkt. No. 37-15) | Ex. I to the Declaration of Travis Silva | Excerpts | **GRANTED IN PART** The following contains confidential proprietary business information, including market analysis; description of intellectual property and products under development; and prior studies of products under development, that |

| Docket No. Public/ (Sealed) | Document | Portion(s) Sought to be Sealed | Ruling |
|---|---|---|---|
| | | | do not directly pertain to the alleged misrepresentations in this action:<br><br>• Page 3<br>• Pages 6–12<br>• Page 20<br>• Pages 21–24<br>• Page 27–29<br>• Page 32<br>• Page 34<br>• Pages 36–37<br><br>*See* Dkt. No. 37-1. |
| Dkt. No. 38-11/ (Dkt. No. 37-17) | Ex. J to the Declaration of Travis Silva | Excerpts | **GRANTED IN PART**<br>The following contains confidential proprietary business information, including market analysis; description of intellectual property and products under development; and prior studies of products under development, that do not directly pertain to the alleged misrepresentations in this action:<br><br>• Page 3<br>• Pages 5–6<br>• Pages 16–17<br>• Page 19 |
| Dkt. No. 41 - DENIED | | | |
| Dkt. No. 42/ (Dkt. No. 41-4) | Opposition to Defendants' Joint Motion to Dismiss | Excerpts | **DENIED**<br>The information about the pharmaceutical clinical trial is critical to the public's understanding of Plaintiffs' allegations and this case, and Defendants have not established a compelling reason that overrides this interest or narrowly tailored the requested redactions. |
| Dkt. No. 50 - DENIED | | | |
| Dkt. No. 51/ (Dkt. No. 50-5) | Reply Brief in Support of | Excerpts | **DENIED**<br>The information about the |

United States District Court
Northern District of California

| Docket No. Public/ (Sealed) | Document | Portion(s) Sought to be Sealed | Ruling |
|---|---|---|---|
| | Defendants' Joint Motion to Dismiss | | pharmaceutical clinical trial is critical to the public's understanding of Plaintiffs' allegations and this case, and Defendants have not established a compelling reason that overrides this interest or narrowly tailored the requested redactions. |

### III. CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** the administrative motion to file under seal portions of the complaint, Dkt. No. 2, and **GRANTS IN PART** and **DENIES IN PART** the administrative motion to seal the motion to dismiss and accompanying exhibits, Dkt. No. 37, and otherwise **DENIES** the remaining administrative motions to seal without prejudice, Dkt. Nos. 41, 50. The Court **DIRECTS** the parties to file revised public versions of all documents for which the proposed sealing has been denied, in whole or in part, within seven days of this order. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal.

**IT IS SO ORDERED.**

Dated:  3/17/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

8