United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ORACLE PARTNERS, L.P., et al.,

Plaintiffs,

v.

CONCENTRIC ANALGESICS, INC., et al.,

Defendants.

Case No. 20-cv-03775-HSG

**ORDER GRANTING ADMINISTRATIVE MOTIONS TO SEAL**

Re: Dkt. Nos. 73, 79

Pending before the Court are two motions to seal filed by the parties related to the amended complaint and the motion to dismiss the amended complaint. *See* Dkt. Nos. 73, 79. For the reasons detailed below, the Court **GRANTS** the motions.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II. DISCUSSION

Defendant Concentric Analgesics, Inc. seeks to file under seal documents that the Court has already found warrant sealing under the compelling reasons standard.

*First*, Concentric seeks to file under seal portions of a Stock Purchase Agreement attached to Plaintiffs' First Amended Complaint. *See* Dkt. Nos. 73, 76. The Court previously granted a motion to seal the same portions of this document, which was attached to the original complaint. *See* Dkt. 67. The Court adopts the rationale it articulated earlier in finding this material sealable, and **GRANTS** this motion to seal.

*Second*, Concentric seeks to seal portions of exhibits filed in support of its motion to dismiss the first amended complaint. *See* Dkt. No. 79. Again, the Court previously granted a motion to seal the same portions of these documents, which were filed in support of Concentric's motion to dismiss the original complaint. *See* Dkt. 67. The Court adopts the rationale it articulated earlier in finding this material sealable. Moreover, the Court did not rely on any of the documents that are the subject of this administrative motion to seal, given that the parties filed a notice of settlement before the hearing on the motion to dismiss. Dkt. Nos. 83, 85, 87, 92, 96.

Thus, these documents are unrelated to the public's understanding of the judicial proceedings in this case, and the public's interest in disclosure of these documents is minimal given that the Court will not rule on the motion to dismiss. *See In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) ("The public's interest in accessing these documents is even further diminished in light of the fact that the Court will not have occasion to rule on Plaintiffs' Motion for Class Certification."). The Court accordingly **GRANTS** this motion to seal.

## III. CONCLUSION

The Court **GRANTS** the administrative motions to seal. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal.

**IT IS SO ORDERED.**

Dated: March 17, 2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California